UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-327-TBP-AEP

ARTHUR WILLIAMS, ET AL.

**UNITED STATES' MOTION FOR PRETRIAL DETENTION OF ARTHUR WILLIAMS AND TIMOTHY COLON**

The United States of America, pursuant to 18 U.S.C. §§ 3142(f)(1)(A), and (B), moves the Court to detain Arthur Williams and Timothy Colon pending trial. [1] The grounds for this motion are discussed below.

## I. PROCEDURAL BACKGROUND

On October 6, 2026, a federal grand jury in the Middle District of Florida indicted Williams and Colon with discharge of a firearm during and in relation to a crime of violence, which caused the death of A.S. Williams was also charged with making false statements to ATF agents.

## II. FACTUAL BACKGROUND

On October 16, 2018, at approximately 1:00 a.m., a group of individuals committed an armed robbery at a residence on Legend Street in Spring Hill, Florida. The residence was occupied by the victim, his girlfriend, and their infant child. The robbery was organized by Defendant Timothy Colon, who recruited others to assist

[1] Williams is currently in state custody in Hernando County. He will be brought to court for his initial appearance at a later date.

him and targeted the residence because Colon believed a substantial quantity of marijuana and marijuana proceeds were present there.

In the days leading up to the robbery, Colon obtained information concerning the residence and its occupants, including information concerning the presence of marijuana and money. Colon discussed the planned robbery with multiple individuals and enlisted others to assist him. He also participated in surveillance of the residence and took steps to determine where the victim lived.

Colon and the other participants ultimately entered the residence to commit the robbery. During the robbery, the defendants beat the victim, while Colon shot the victim in the lower body. The victim died from blunt-force trauma to the head and gunshot wounds to his lower body.

For nearly eight years, the investigation remained open. In 2025, during an unrelated homicide, the Hernando County Sheriff's Office and ATF developed additional witnesses and information that had not previously been available to investigators. That breakthrough provided new avenues to pursue in the 2018 murder investigation. Working together, ATF agents and Hernando County detectives conducted additional interviews, obtained and executed additional search warrants, uncovered new leads and produced information that had not previously been available to investigators. The investigation ultimately identified substantial evidence connecting Colon and Williams to the robbery and murder.

## III. THE STATUTORY PRESUMPTION FAVORS DETENTION

The Bail Reform Act, 18 U.S.C. § 3142, requires the Court to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1).

Here, the charged offenses independently trigger the detention provisions of the Bail Reform Act. Section 3142(f)(1) authorizes a detention hearing upon the United States's motion in a case involving a crime of violence and, independently, an offense for which the maximum sentence is life imprisonment or death. 18 U.S.C. 3142(f)(1)(A) and (B). Count One—§ 924(j)(1)—provides for punishment by death or imprisonment for any term of years or for life. 18 U.S.C. § 924(c)(1)(A)(iii), (j)(1).

In addition, § 3142(e)(3)(B) creates a rebuttal presumption that no condition or combination of conditions will reasonably assure the safety of the community when there is probable cause to believe that a defendant committed an offense under 18 U.S.C. § 924(c). Here, the indictments charge the defendants with violating 18 U.S.C. § 924(j), an offense that cannot be committed without a violation of 924(c). Accordingly, the § 3142(e)(3)(B) presumption applies and the statutory framework favors detention.

Nevertheless, the Government recognizes that the presumption is rebuttable and addresses the factors set forth in § 3142(g) below.

## IV. THE EVIDENCE SUPPORTING THE CHARGES IS SUBSTANTIAL

The strength of the Government's case independently supports detention.

The evidence is not dependent upon one witness's account. Instead, the United States has developed a substantial body of mutually corroborating evidence concerning both the planning and execution of the robbery and the defendants' conduct immediately before and after the murder.

As to Colon, evidence shows he was directly involved in the planning, surveillance, recruitment of participants, and participation in the robbery. That testimony is corroborated by separate witnesses who heard Colon discuss the planned robbery and his access to information concerning the victim. It is further corroborated by Colon's own statements following the shooting, including his statement to several individuals that he had shot the victim.

The documentary and physical evidence provides additional corroboration. Colon's cellphone and Facebook records connect him to efforts to identify the victim and his residence. Messages establish that Colon was using another individual's Facebook account during the relevant period, including on the same date that the account sent the victim a friend request. Surveillance footage places Colon purchasing a yellow rope only hours before the murder, while a yellow rope consistent with that purchase was recovered at the crime scene. The victim's statements before his death provide additional evidence identifying Colon as his shooter. The evidence against Williams is likewise substantial. Witnesses identified

Williams as a participant in the robbery, who joined Colon in committing the offense.

The United States therefore has substantial evidence that both defendants participated in an armed robbery that culminated in the violent killing of the victim. The evidence includes eyewitness testimony, admissions, recorded statements, digital evidence, surveillance footage, physical evidence, and the victim's own statements.

## V. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE DEMONSTRATE A SERIOUS DANGER TO THE COMMUNITY

The nature and circumstances of the charged offense weigh heavily in favor of detention under § 3142(g)(1).

This was not an impulsive or isolated act of violence. The evidence indicates that Colon planned the robbery in advance, obtained information concerning the victim and his residence, conducted surveillance to locate his house, recruited others, and coordinated the participants. The defendants then entered an occupied residence in the early morning hours, while the victim was home with his girlfriend and their infant child, all to steal marijuana and drug proceeds.

The robbery escalated into extreme violence. The victim attempted to defend himself and his family. He was beaten repeatedly and Colon shot him in the lower body. The victim died as a result of their attack.

The circumstances demonstrate that the defendants were willing to use deadly violence to accomplish the robbery and that innocent occupants—including an infant child—were present during the offense. The charged conduct therefore presents

precisely the type of danger to the community contemplated by the Bail Reform Act.

Perhaps most important, the United States has obtained substantial evidence, in the form of witness statements, that the defendants repeatedly attempted to tamper with witnesses and prevent their cooperation with law enforcement.

## VI. THE POTENTIAL SENTENCE PROVIDES A STRONG INCENTIVE TO FLEE

The potential punishment further weighs heavily in favor of detention under § 3142(g)(2).

The defendants face extraordinarily serious penalties if convicted. The charged § 924(j)(1) offense authorizes punishment by death or imprisonment for any term of years or for life. The prospect of a sentence of life imprisonment or death creates an obvious and powerful incentive to flee. The seriousness of the potential sentence therefore weighs strongly in favor of detention.

## VII. THE HISTORY AND CHARACTERISTICS OF THE DEFENDANTS DO NOT OVERCOME THE PRESUMPTION

The Court must also consider the defendants' history and characteristics, including their criminal history, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, and record of appearance at court proceedings. To the extent either defendant points to family ties, residence in the community, employment, or other conditions as a basis for release, those considerations cannot overcome the

substantial evidence of danger presented by the charged conduct and the statutory presumption favoring detention.

Moreover, the nearly eight-year gap between the murder and the defendants' indictment does not diminish the seriousness of the offense or the strength of the evidence. To the contrary, the renewed investigation produced additional witnesses and evidence that were not previously available, including recorded statements, digital evidence, surveillance evidence, and additional witness testimony—many of who did not come forward initially because of fear they felt towards these defendants.

## VIII. NO CONDITION OR COMBINATION OF CONDITIONS CAN REASONABLY ASSURE COMMUNITY SAFETY

Finally, the United States submits that no condition or combination of conditions can reasonably assure the safety of the community. The charged offense involved the planned use of firearms during an armed home invasion that resulted in a murder. The evidence demonstrates advance planning, recruitment of participants, surveillance of the target, coordination among participants, and the use of deadly violence when the victim resisted.

The defendants are also charged with conduct that occurred years ago, meaning that the passage of time has not itself deterred the conduct alleged here from being brought to federal court. The Government's evidence now includes testimony and statements concerning the defendants' involvement that could be compromised if the defendants were released.

Given the nature of the offense, the substantial evidence against each defendant, the statutory presumption, and the extraordinary potential penalties, the United States submits that detention is necessary to reasonably assure the safety of the community and the defendants' appearance as required.

## IX. CONCLUSION

For these reasons, and after consideration of the factors set forth in 18 U.S.C. § 3142(g), the United States respectfully requests that the Court order Defendants Timothy Colon and Arthur Williams detained pending trial. The charged offense triggers the statutory presumption in favor of detention, and the nature of the offense, the defendants' alleged roles, the strength of the evidence, and the extraordinary penalties they face establish that no condition or combination of conditions will reasonably assure the safety of the community or the defendants' appearance as required.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Diego F. Novaes*
Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 0107376
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
E-mail: Diego.Novaes@usdoj.gov

**U.S. v. Williams, et al.** **Case No. 8:26-cr-327-TBP-AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Counsel of Record

By: */s/ Diego F. Novaes*

Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 0107376
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
E-mail: Diego.Novaes@usdoj.gov